UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kyle Guggenberger, by his parents and guardians, Keith and Ginger Guggenberger; Jay Hannon, by his parent and guardian, Patricia Hannon; Abigail Pearson, by her parents and guardians, Ellen and Jeff Pearson; Amber Brick, by her parents and agents, Robert and Anne Brick; and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>State of Minnesota; the Minnesota Department of Human Services, an agency of the State of Minnesota; and Emily Johnson Piper, Commissioner of the Minnesota Department of Human Services,<br><br>                    Defendants. | Civil No. 15-3439 (DWF/BRT)<br><br><br><br><br><br><br><br><br><br>**ORDER** |

This matter is before the Court upon Defendants State of Minnesota, Minnesota Department of Human Services ("DHS"), and DHS Commissioner Emily Johnson Piper's (collectively "Defendants") appeal (Doc. No. 31) of Magistrate Judge Becky R. Thorson's November 20, 2015 Pretrial Scheduling Order (Doc. No. 30). Plaintiffs oppose Defendants' appeal. (Doc. No. 42.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds that Magistrate Judge Thorson's Pretrial Scheduling Order is neither clearly erroneous nor contrary to law. In the Pretrial Scheduling Order, based on "the input of counsel for the parties," Magistrate Judge Thorson outlined a schedule to govern the proceedings. (*See generally* Doc. No. 30.) The Pretrial Scheduling Order included, among other things, details regarding settlement discussions between the parties; deadlines for initial disclosures, fact discovery, and expert discovery; and provisions for informal dispute resolution. (*Id.*)

Defendants object to the Pretrial Scheduling Order on three main grounds. First, they argue that the Pretrial Scheduling Order improperly "requires Defendants to engage in discovery while their motion to dismiss, raising a sovereign immunity defense, is pending before the Court." (Doc. No. 31 at 2.) Second, Defendants challenge the Pretrial Scheduling Order because it "requires the parties to 'exchange information' in order to facilitate settlement" against their wishes. (*Id.* (quoting Doc. No. 30 at 2).) Third, Defendants argue that under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), "[t]he Court should . . . not require the parties to produce documents identified in their initial disclosures." (*Id.* at 4.)

Plaintiffs counter that the Pretrial Scheduling Order is proper and that Defendants' objections should be rejected.  Broadly, Plaintiffs suggest Defendants' objections should be dismissed "for lack of diligence" because Defendants have "belatedly pursue[d] an incorrect procedural path to amend the Pretrial Scheduling Order."  (Doc. No. 42 at 3.)  Specifically, Plaintiffs assert that "[a] scheduling order may only be modified under the procedures outlined in Local Rule 16.3," and emphasize that the burden is on Defendant to establish good cause to modify.  (*Id.* at 3.)  With respect to Defendants' first objection, Plaintiffs suggest that discovery should not be stayed because Defendants have failed to establish good cause to support a stay.  (*Id.* at 1, 7-8.)  In addition, Plaintiffs argue that Defendants' objections should be rejected and discovery should proceed because critical issues of jurisdiction are "intertwined with the merits of the case[.]"  (*Id.* at 4.)  Plaintiffs argue that Defendants' Rule 12(b)(1) subject matter jurisdiction motion involves key fact issues and not a "purely legal question," unlike cases on which Defendants rely to support their objections.  (*Id.* at 5-6.)  Plaintiffs also distinguish these cases because they concern qualified immunity rather than sovereign immunity.  (*Id.* at 6.)  Finally, Plaintiffs argue that the Court has discretion to proceed to the merits or to permit discovery without first resolving the 11th Amendment issue.  (*Id.*)  Concerning Defendants' second objection, Plaintiffs argue that "[u]nder the Court's Local Rules and the Alternative Dispute Resolution Act of 1998 . . . , the Court may properly direct the parties to informally exchange information in anticipation of a settlement conference."  (*Id.* at 1, 8-10.)  Plaintiffs do not raise specific challenges to Defendants' third objection regarding

3

the requirement to produce initial disclosure documents, but generally assert that Defendants' objections—including this one—should be rejected. (*Id.* at 1.)

The Court concludes that Defendants have failed to demonstrate that the Pretrial Scheduling Order is either clearly erroneous or contrary to law. First, the Magistrate Judge is not obligated to stay discovery pending Defendants' Motion to Dismiss, notwithstanding Defendants' sovereign immunity defense. Defendants cite several cases establishing the proposition that a stay of discovery is warranted pending resolution of a qualified immunity defense. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Craft v. Wipf*, 810 F.2d 170 (8th Cir. 1987). Indeed, the Supreme Court has established that qualified immunity operates as "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). However, the Court concludes that the same result need not apply when a defendant raises a sovereign immunity defense. Sovereign immunity is a more limited defense in which the Supreme Court has carved out a large exception allowing federal courts to exercise jurisdiction to impose prospective injunctive relief. *See Edelman v. Jordan*, 415 U.S. 651, 664-68 (1974). Without prematurely ruling on the merits of Defendants' sovereign immunity defense here, the Court simply concludes that the defenses of qualified and sovereign immunity are sufficiently dissimilar to make the case law on which Defendants rely inapplicable to this appeal. It is within the Magistrate Judge's discretion to allow

discovery to proceed pending the Court's resolution of Defendants' Motion to Dismiss, notwithstanding Defendants' sovereign immunity defense.

Second, the Magistrate Judge may properly order the parties to informally exchange information in preparation for a settlement conference. The authority to conduct such a settlement conference is established under the Alternative Dispute Resolution Act of 1998 and this District's Local Rules. *See* 28 U.S.C. § 651(b); Local Rule 16.5(b). Inherent in this authority is the Magistrate Judge's authority to control and direct the parties' preparations for such a settlement conference. The informal exchanges of information contemplated in the Pretrial Scheduling Order simply ensure that each party is substantially prepared to engage in productive settlement discussions. Thus, the Court concludes that this portion of the Magistrate Judge's Pretrial Scheduling Order is proper.

Third, the Magistrate Judge did not commit clear error in ordering the parties to provide a copy of their initial disclosure documents one month after the initial disclosure deadline. The Pretrial Scheduling Order established a December 7, 2015 deadline for the parties to make their initial disclosures under Rule 26(a)(1). The Pretrial Scheduling Order established a separate January 8, 2016 deadline for the parties to provide a copy of their initial disclosure documents "[i]f a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii)." (Doc. No. 30 at 3.) Ordering the parties to provide a copy of these documents is well within the Magistrate Judge's authority under the Federal Rules of Civil Procedure which "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  As a result, the Court concludes this portion of the Pretrial Scheduling Order is not clearly erroneous.

The Court's decision should be read in light of the extremely deferential review standard upon which the Court reviewed the Pretrial Scheduling Order.  Applying this standard, the Court was not "left with the definite and firm conviction that a mistake has been committed." *Chakales*, 79 F.3d at 728.  The Court emphasizes that this Order does not preclude either party from seeking to modify the Pretrial Scheduling Order,[1] stay discovery,[2] or object to particular discovery requests via other procedural means.

Although the Pretrial Scheduling Order indicates it was developed with the input of all parties, the Court suspects that the respective positions of the parties may have now changed.  As Defendants note in their Objections to the Pretrial Scheduling Order, "Defendants are not in a position to settle this lawsuit at this time[.]" (Doc. No. 31 at 5.)

---

[1]   A party must make a motion to modify a scheduling order in accordance with Local Rule 7.1(b) which requires nondispositive motions to be heard by the magistrate judge in the first instance absent a contrary court order.  *See* Local Rule 16.3(a); 7.1(b).  Under the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Similarly, under Local Rule 16.3(b) "[a] party that moves to modify a scheduling order must . . . establish good cause for the proposed modification. . . ." Local Rule 16.3(b).

[2]   Federal Rule of Civil Procedure 26(c)(1) provides that a party may move for a protective order from the court to stay discovery.  Fed. R. Civ. P. 26(c)(1).  The court may grant such a motion for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Id.*  As with a motion to modify a scheduling order, a motion to stay discovery must be made to the magistrate judge in the first instance.  *See* LR 7.1(b)(4)(A)(iii).

In addition, multiple deadlines established in the Pretrial Scheduling Order have passed while the Court considered this appeal. Thus, a settlement conference on the time line established in the Pretrial Scheduling Order may not be in the best interests of all parties or may not be the most effective use of the Court's time. Again, the Court notes that the parties may seek to modify the Pretrial Scheduling Order, stay discovery, or object to particular discovery requests, notwithstanding this Order. The parties may also work together to reach any agreements relating to specific discovery concerns they may have in this matter. In deference to the Magistrate Judge's decision, however, the Court denies Defendants' appeal and affirms Magistrate Judge Thorson's November 20, 2015 Pretrial Scheduling Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants State of Minnesota, Minnesota Department of Human Services, and DHS Commissioner Emily Johnson Piper's appeal (Doc. No. [31]) of Magistrate Judge Becky R. Thorson's November 20, 2015 Pretrial Scheduling Order is **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's November 20, 2015 Pretrial Scheduling Order (Doc. No. [30]) is **AFFIRMED.**

Dated:  January 12, 2016        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge